```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                     DIVISION OF ST. THOMAS AND ST. JOHN
```

|   |   |
|---|---|
| LILA SELBY, as Co-Trustee of the JANET HUGH REVOCABLE LIVING TRUST dated September 24, 2003, as amended, and THOMAS BRUNET, as Co-Trustee of the JANET HUGH REVOCABLE LIVING TRUST dated September 24, 2003, as amended,<br><br>        Plaintiffs,<br><br>        v.<br><br>DOLLY HUGH-AKINTOBI, NERISSA HUGH, and FRED HUGH, JR.,<br><br>        Defendants. | Civil No. 2019-54 |

**ATTORNEYS:**

**Lila Selby**
    *Pro se,*

**Michael L. Sheesley**
MLSPC
St. Thomas, U.S.V.I.
    *For Thomas Brunet,*

**Francis E. Jackson, Jr.**
Law Offices of Francis Jackson
St. Thomas, U.S.V.I.
    *For Dolly Hugh-Akintobi, Nerissa Hugh, and Fred Hugh, Jr.*

## ORDER

**GÓMEZ, J.**

    Before the Court is the emergency motion of Thomas Brunet to establish a trust account in this matter.

On September 24, 2003, Janet Hugh ("Hugh") allegedly formed a revocable living trust (the "Hugh Trust") in St. Thomas, Virgin Islands. At that time, Hugh transferred her entire interest in certain real and personal property into the Hugh Trust. The Hugh Trust named Hugh's seven children as beneficiaries. Over a number of years, Hugh purportedly executed several amendments to the Hugh Trust. Those amendments made various changes to the named Trustees, the beneficiaries, and the planned distribution of the Hugh Trust assets. Hugh died on December 25, 2018.

On July 15, 2019, Lila Selby ("Selby") and Thomas Brunet ("Brunet") as Co-Trustees for the Hugh Trust commenced the instant litigation against Dolly Hugh-Akintobi, Nerissa Hugh, and Fred Hugh, Jr. (collectively the "Defendants"). The complaint seeks various relief including a declaratory judgment that the Hugh Trust and each of the amendments purportedly executed by Hugh are valid.

On March 11, 2020, Brunet filed an emergency motion to establish a trust account. In his motion, Brunet alleges that Selby transferred all of the Hugh Trust funds--approximately $617,000--from a Wells Fargo bank account established in the name of the Hugh Trust to a personal account opened by Selby. As such, Brunet requests that the Court (1) freeze the Hugh Trust

funds, (2) establish a new trust account to which each Co-Trustee has access, (3) order Selby to return all Hugh Trust funds to the new trust account, (4) order Selby to provide an accounting for any funds withdrawn, and (5) order the Co-Trustees to utilize the Hugh Trust funds in accordance with the terms of the Hugh Trust.

On March 12, 2020, the Court held a telephonic status conference. Selby, Brunet's counsel, and the Defendants' counsel appeared. At that conference, Selby informed the Court that she had established a new trust account in the name of the Hugh Trust. The Court proposed entering an order to prevent any potential waste, misappropriation, or misuse of the Hugh Trust funds. Specifically, the Court proposed, and the parties agreed, that the Co-Trustees be required to (1) get Court approval for any expenditures, disbursements, or distributions of Hugh Trust funds; (2) rescind, if possible any expenditures made on or after January 15, 2020; and (3) provide an explanation for any such expenditures, disbursements, or distributions.

The premises considered, it is hereby

**ORDERED** that the Hugh Trust funds shall remain in the new trust account established by Selby in the name of the Hugh Trust; it is further

**ORDERED** that Selby shall provide Brunet with the account number of, and access to, the new trust account; it is further

**ORDERED** that Selby and Brunet shall provide the Court with explanations for any expenditures, disbursements, or distributions of Hugh Trust funds that occurred between January 15, 2020, and the date of this order; it is further

**ORDERED** that, to the extent possible, any expenditures, disbursements, or distributions of Hugh Trust funds that occurred between January 15, 2020, and the date of this order shall be returned to the new trust account; it is further

**ORDERED** that, effective March 12, 2020, no expenditure, disbursement, or distribution of the Hugh Trust funds shall be made without prior approval by this Court. A motion for any proposed expenditures, disbursements, or distributions of the Hugh Trust funds shall include (1) the reason(s) why such expenditures, disbursements, or distributions are necessary; and (2) the reason(s) why such expenditures, disbursements, or distributions are consistent with the terms of the Hugh Trust.

S\_____
    **Curtis V. Gómez**
    **District Judge**